UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
TOTAL ADMINISTRATIVE SERVICES    :       CASE NO. 1:15-cv-1921
CORPORATION,                              :
            Plaintiff,                    :
                                          :
vs.                                       :       OPINION & ORDER
                                          :       [Resolving Doc. 41]
PIPE FITTERS UNION LOCAL NO. 120.  :
INSURANCE FUND,                           :
            Defendant.                     :
                                          :
                                          :
vs.                                       :
                                          :
VANTAGE FINANCIAL GROUP, et. al,   :
            Third-Party Defendants         :
                                          :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant and Third-Party Plaintiff Pipe Fitters Union Local No. 120 Insurance Fund ("Pipe Fitters Fund") moves to file an amended complaint against Third-Party Defendants Vantage Financial Group ("VFG") and Vantage Financial Group Plan Services, Inc., ("Vantage Plan") (collectively, "the Vantage Defendants").[1] The Vantage Defendants oppose.[2] For the following reasons, the Court **GRANTS** leave for the Pipe Fitters Fund to file an amended third-party complaint.

## I. Background

In the underlying lawsuit, Total Administrative Services Corporation ("TASC") sued the

_____

[1] Doc. 41.
[2] Doc. 43.  The Pipe Fitters Fund submitted a reply.  Doc. 45.

Case No.15-CV-1921
Gwin, J.

Pipe Fitters Fund for failing to make contributions to a health insurance fund agreed to in a Health Reimbursement Agreement ("Agreement"). However, TASC was not the original counter-party to the Agreement. The Pipe Fitters Fund and Vantage Plan originally signed the January 2014 Agreement.[3] Then, beginning in July 2014, Vantage Plan sold all of its assets and assigned the Agreement to TASC. TASC now seeks to enforce the Agreement. In response, the Pipe Fitters Fund has turned back to the Vantage Defendants, filing an initial third-party complaint which claims breach of contract, right to indemnification, and fraudulent misrepresentation.

The misrepresentation claim alleged that two sales associates represented themselves as acting on behalf of VFG when pitching the Agreement to the Pipe Fitters Fund.[4] The Fund alleges that it thought it was signing an agreement with VFG, when the agreement was with Vantage Plan.[5] "As a result of this reliance, the Fund suffered damages when it mistakenly entered into the Agreement with Vantage Group Plan, which unlawfully sold its rights under the Agreement to TASC."[6]

The Vantage Defendants moved to dismiss the misrepresentation claim in the third-party complaint, arguing that it was not pled with sufficient particularity.[7]

The Pipe Fitters Fund now moves to amend their third-party complaint against VFG and Vantage Plan.[8] The proposed amendments give additional factual detail on the alleged misrepresentation. The Pipe Fitters Fund make further allegations as to the nature of the sales

---

[3]Doc. 37 at 1.
[4]Doc. 20 at ¶¶ 24-36.
[5]Id.
[6]Id. at 36
[7]Doc. 37.
[8]Doc. 41.

Case No.15-CV-1921
Gwin, J.

pitches made to the Pipe Fitters Fund.  The Pipe Fitters Fund further allege that they believed they were entering into an agreement with VFG which is "an established corporation with eighty employees," rather than the Vantage Plan.  Apparently, the Vantage Plan was subsequently dissolved, with its assets sold to TASC.[9]

In the proposed amended complaint, the Pipe Fitters Fund also allege a second count of fraudulent misrepresentation. Namely, that after the Agreement was signed and the transition to TASC became apparent, Vantage Plan and VFG misrepresented the transition as a "partnership."[10] Arguably, these statements lead the Pipe Fitters Fund to believe that VFG or Vantage Plan would continue to run the health insurance accounts while using TASC's software.[11]

Instead, Vantage assigned the rights to enforce the Agreement to TASC.   The Pipefitters Fund states that "[a]s a result of the Fund's reliance on these representations relating to the partnership between Vantage Group Plan and TASC, the Fund elected to continue with the agreement and with its relationship with Vantage Group Plan (or Vantage Financial), as opposed to terminating the Agreement and engaging another . . . service provider for its health reimbursement arrangement."[12]

The Vantage Defendants oppose the motion to amend the third-party complaint against them. They argue that the amended complaint does not meet the fraud pleading standards.[13]  They also point to Ohio and federal law on the economic loss rule, stating that "a party cannot convert a

---

[9]/Doc. 41-1 at ¶ 69.

[10]/*Id.* at ¶ 75.

[11]/*Id.* at ¶ 34.

[12]/*Id.* at ¶¶ 81.  Lastly the proposed amended complaint alleges that VFG is the alter ego of Vantage Plan, and that VFG is jointly and severally liable for any of Vantage Plan's damages.  The Vantage Defendants do not appear to dispute the propriety of this particular amendment.

[13]/Doc. 43 at 2.

-3-

Case No.15-CV-1921
Gwin, J.

contract action into a tort action."[14]  As a result, they say the amendment is futile and must be denied.

## II. Legal Standards

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with leave of the Court.[15] The rule further specifies that "[t]he court should freely give leave when justice so requires."[16]  This lenient standard furthers the general policy of deciding cases on their merits rather than on procedural technicalities.[17]

Leave to amend may be denied where the amendment would be futile because the amended complaint would still be subject to dismissal under Rule 12(b)(6).[18]

Federal Rule of Civil Procedure 9(b) provides heightened particularity requirements for actions sounding in fraud.  A plaintiff is required to allege (1) "the time, place, and content of the alleged misrepresentation," (2) "the fraudulent scheme," (3) the defendant's fraudulent intent, and (4) the resulting injury.[19]  Elements of a fraud claim may be pled on information and belief when the "relevant facts lie exclusively within knowledge and control of the opposing party" and the plaintiff sets forth "factual basis for his belief."[20]

The so-called economic loss rule states that a party cannot recover in tort for the same conduct that constitutes a breach of contract, regardless of how negligently or willfully the contract

---

[14]/*Id.* at 3.
[15]/Fed. R. Civ. P. 15(a)(2).
[16]/*Id.*
[17]/*Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005) (internal citation omitted).
[18]/*See Inge v. Rock Fin. Corp.*, 281 F.3d 613 at 625 (6th Cir. 2002).
[19]/*U.S.* ex rel. *Bledsoe v. Community Health Sys.*, 501 F.3d 493, 504 (6th Cir.2007).
[20]/*Bledsoe*, 501 F.3d at 512 (quoting *Craighead v. E.F. Hutton & Co.*, 899F.2d 485, 489-90 (6th Cir. 1990))

Case No.15-CV-1921
Gwin, J.

was violated.[21]  However, where the fraud and the contract duties are distinct from one another, the

economic loss doctrine is not a bar to pleading fraud.[22]

## III. Analysis

The Pipe Fitters Fund has met its burden of supporting its motion for leave to amend.  This

Court agrees with the parties' interests in adjudicating the case on the merits rather than on the

particularities of pleading.

The Vantage Defendants' objections to amending the complaint fail.  First, it is not at all

apparent that the amendment would be futile because of failure to meet Rule 9(b)'s particularity

requirements.  The amended complaint provides description as to the time, place, and content of the

particular misrepresentations.  The amended complaint alleges that the misrepresentation was aimed

at inducing the Pipe Fitters Fund to enter into the contract, and to remain in the contract.  The

amended complaint states that this caused particular injuries to the Pipe Fitters Fund and their

clients.

It is correct that the Pipe Fitters Fund state "on information and belief" that

misrepresentations were intentional.  However, this type of pleading is acceptable, as it is bolstered

by the rest of the complaint and is certainly the type of information that is "exclusively" in the hands

of the Defendants at this stage of litigation.

Second, the Vantage Defendant's focus on the economic loss rule is misplaced.  The fraud

alleged by the Pipe Fitters Fund is distinct from the duties of the Health Reimbursement Agreement.

---

[21]*See, e.g.*, *Battista v. Lebanon Trotting Ass'n*, 538 F.2d 111, 1117 (6th Cir. 1976); *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 835 N.E.2d 701, 705 (Ohio 2005).

[22]*See Onyx Environmental Servs., LLC v. Maison*, 407 F. Supp.2d 874, 879 (N.D. Ohio 2005).

Case No.15-CV-1921
Gwin, J.

The Pipe Fitters Fund complain of being misled as to the relationship between the Vantage Defendants and, in particular, the effect of the "partnership" between Vantage Plan and TASC. Fraudulent inducement claims differ from contract claims.  There is no remedy under contract law for wrongs of this nature.  The Pipe Fitters Fund are correct to turn to the law of misrepresentation and fraud.

For the foregoing reasons, the Court **GRANTS** the motion for leave to amend the Pipe Fitters Fund's third party complaint.

IT IS SO ORDERED

Dated: November 19, 2015                                    s/        *James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE